JOURNAL ENTRY AND OPINION
Lena Beck appeals Judge Eileen A. Gallagher's imposition of the maximum sentences allowed by law for her convictions on one count of aggravated vehicular homicide and two counts of aggravated vehicular assault. Beck argues that the maximum consecutive sentences were unwarranted because the judge failed to make the requisite findings and reasons supporting such sentences required by R.C. 2929.14(C) (E). We agree, vacate the sentence and remand this cause for resentencing.
On April 23, 1998, Beck, then age 35 years and the mother of children ages 3, 4 and 5 years, claimed to have had an argument with her 18-year-old son, and left her Cleveland, Ohio home at about 7:00 p.m. She decided to drink with the intention of getting drunk. She drove her 1996 Ford Explorer to the home of Melissa Snyder, then age 17 years and, with the minor as a passenger, drove aimlessly around Cleveland and Lakewood for 7 hours drinking alcoholic beverages and smoking marijuana. At about 2:00 a.m. she picked up Russell P. Haberly, aged 18 years, and Devon Anderson, aged 19 years, and drove erratically and at a high rate of speed around Lakewood. At approximately 2:30 a.m., Beck, driving at about 55 mph, was northbound on Andrews Avenue approaching Detroit Avenue. As she approached the Norfolk and Southern railroad tracks, Beck turned to her passengers and told them that she was going to jump the hill leading up to the tracks in an attempt to clear them. As Beck sped up the hill and over the tracks, the vehicle became airborne and rolled over. Three of the occupants, including Beck, were thrown from the vehicle and were scattered in the vicinity of the railroad tracks.
Haberly sustained severe head injuries and died May 5, 1998; Beck was hospitalized with a fractured pelvis and a head injury that caused her to be in a coma for six days; Snyder received minor injuries; and Anderson, who remained in the vehicle, suffered soft tissue injuries to his neck and back.
On June 23, 1998, Beck was indicted for one count of aggravated vehicular homicide, R.C. 2903.06, and two counts of aggravated vehicular assault, R.C. 2903.08. All three counts contained a driving under the influence (DUI) specification, R.C. 2903.07.
On August 6, 1998, Beck entered a plea of no contest and was found guilty of all three counts of the indictment as charged. Each of these counts carries a mandatory prison term pursuant to R.C. 2929.13(F) (4). Beck was sentenced to the maximum consecutive terms on each count: five years for the aggravated vehicular homicide, a third degree felony, and eighteen months on each of the aggravated vehicular assault charges, felonies of the fourth degree. Subsequent to imposing these sentences, Judge Gallagher made the following statement:
 The Court further finds that anything less than the maximum consecutive terms would diminish the seriousness of the offense and of your behavior on April 24, 1998. It is also a sentence that should send to the community a message that your behavior and behavior similar to yours will not be tolerated.
Beck claims one assignment of error.
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM, CONSECUTIVE TERMS OF INCARCERATION WITHOUT SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. 2929.14(C), 2929.14(E) (4), 2929.19(B) (2)(c)-(d)[1]
Beck argues that the sentences imposed should be vacated because they do not comply with the mandates of Am.Sub.S.B. No. 2 (Senate Bill 2), the felony sentencing statute, and that new sentences should be imposed in compliance with the provisions of R.C. 2929.14 and R.C. 2929.19. She maintains that the judge: (1) improperly imposed the maximum sentences on each available count; and, (2) erred in declaring that the sentences be served consecutively rather than concurrently.
The overriding purpose of felony sentencing is found in R.C.2929.11 which provides:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
When determining the appropriate term of sentence, this court is guided by R.C. 2929.14(A), which governs the imposition of prison terms for felony sentences and states in pertinent part:
 (A) Except as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G) (1) of section 2929.13 of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
R.C. 2929.14(B) is utilized when imposing the minimum prison term and states:
 (B) Except as provided in division (C), (D) (2), (D) (3), or (G) of this section ***, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
R.C. 2929.14(C) provides parameters when a defendant receives a maximum sentence. It states:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term
authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section. (Emphasis added.)
Only upon a showing of clear and convincing evidence may a reviewing court disturb a sentence imposed under Senate Bill 2. R.C. 2953.08 (G) (1) (a) and (d). See, also, State v. Garcia
(1998). 126 Ohio App.3d 485, 710 N.E.2d 783. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122, 568 N.E.2d 1222.
In sentencing a defendant pursuant to R.C. 2929.14(C), a judge commits reversible error if he fails to enumerate the findings behind the sentence. State v. Edmonson (1999), 86 Ohio St.3d 324,329, 715 N.E.2d 131. See, also, State v. Kebe (Nov. 12, 1998), Cuyahoga App. No. 73398, unreported; State v. Brooks (Nov. 5, 1998), Cuyahoga App. No. 74382, unreported. In order to impose the maximum term for an offense, the record must reflect that "the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C.2929.14(C)." Edmonson, supra. Further, R.C. 2929.19(B) (2) (d) requires that a judge "make a finding that gives [the] reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge is required to set forth "reasons for imposing the maximum prison term." See, also, Edmonson, supra.
In the instant case, when sentencing Beck to the maximum sentence on each of the three counts of which she was convicted, the judge failed to make the requisite findings required by R.C.2929.14(C) that Beck was either: a repeat violent offender, committed the worst form of the offense, was a major drug offender, or posed a great likelihood of committing future crimes. Absent such finding, the judge did not comply with R.C.2929.19(B) (2) (d).
The imposition of consecutive sentences is governed by R.C.2929.14 (E) which states:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B) requires a judge to explain the imposition of consecutive sentences and provides in pertinent part:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
***
 (c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences;
***
Thus, when a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14 (E) (4), there is reversible error. State v. Albert (1997), 124 Ohio App.3d 225,705 N.E.2d 1274.
Judge Gallagher's ruling, stating that a sentence less than the maximum consecutive terms would "diminish the seriousness of the offense" does not satisfy the statutory requirements of R.C.2929.14 (E) (4) or R.C. 2929.19(B) (2). The conclusory statement is not an adequate finding under section 2929.14 (E)(4), nor an adequate statement of reasons under section 2929.19(B)(2). Id. at 230, 705 N.E.2d at 1277; Edmonson, 86 Ohio St.3d at 328-29,715 N.E.2d at 135.
Accordingly, the sentence is vacated and cause remanded for resentencing.
It is ordered that the appellant recover from the appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: REVERSED AND REMANDED.
 _____________________ JUDGE ANNE L. KILBANE
 TIMOTHY E. McMONAGLE AND PATRICIA ANN BLACKMON, J. CONCUR
[1] We note that there is some confusion concerning whether R.C. 2929.19(B) (2) (d) or (e) is applicable in this case. Because our decision is the same no matter which subsection applies, the question is irrelevant to this appeal. Therefore we assume without deciding whether Beck's reference to R.C.2929.19(B) (2) (d) is correct.